UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ALEXIS PADILLA BELLOSA,<br><br>　　　　　　　　Petitioner,<br><br>　　　v.<br><br>SECRETARY OF HOMELAND SECURITY, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 5:26-cv-01661-FLA (E)<br><br>**CORRECTED ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [DKT. 16]** |

1

Pursuant to 28 U.S.C. § 636, the court has reviewed Petitioner Kevin Alexis Padilla Bellosa's ("Petitioner") Petition for Writ of *Habeas Corpus* ("Petition," Dkt. 1), the Report and Recommendation of United States Magistrate Judge ("Report," Dkt. 16), Petitioner's Objection thereto (Dkt. 30), and all relevant portions of the record.  Furthermore, the court has engaged in a *de novo* review of those portions of the Report to which any objections have been made.

The Report recommends granting the Petition in the alternative and ordering Respondents to provide Petitioner with an opportunity for a prompt bond hearing before an immigration judge.  Dkt. 16.  Petitioner's Objections to the Report do not merit a different result.

Petitioner objects that, because he is not subject to mandatory detention, the appropriate remedy is his immediate release rather than a bond hearing.  Dkt. 20 at 6–8.  The court agrees with the Report that the appropriate remedy is an opportunity for a prompt bond hearing before an immigration judge at which the burden will be on the government to justify Petitioner's detention.  Dkt. 16 at 6.  Petitioner alleged in the Petition that his injury was "continued detention without a bond hearing."  Dkt. 1 at 9.  Courts entertaining an application for a writ of *habeas corpus* must "summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.  "Here, 'law and justice require' redressing [Petitioner's] specific injury, namely the deprivation of his access to a bond hearing.  Ordering Respondents to provide Petitioner with such a hearing redresses that specific injury."  *See Ramos v. Bondi*, 2026 WL 614875, at *5 (E.D. Va. Mar. 4, 2026) (ordering a bond hearing in analogous circumstances and citing cases finding that a bond hearing is the appropriate remedy).

The court ACCEPTS and ADOPTS the Magistrate Judge's Report, GRANTS the Petition in the alternative, OVERRULES Petitioner's Objection to the Report, and ORDERS Respondents to provide Petitioner with an individualized bond hearing before an immigration court within seven (7) days of the docketing of this Order, at

2

which time the burden will be on the government to justify Petitioner's detention through proof by clear and convincing evidence that Petitioner is an unacceptable danger or risk of flight.  If Respondents do not provide Petitioner with a bond hearing within seven (7) days of the docketing of this Order, Respondents shall release Petitioner and return to him all property that was confiscated from him when he was detained.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order, the Magistrate Judge's Report and Recommendation, and the Judgment on Petitioner and Respondents forthwith.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 29, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

3